TURNER, PLAINTIFF AND APPELLANT, *v.* MUNICIPAL COUNCIL OF SAN JUAN, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action to Annul Confiscation of Security, and for Damages.

No. 1617.—Decided July 17, 1917.

CONTRACT—DAMAGES.—The words "approximate monthly consumption" are

equivalent to ''a little more or less'' and are interpreted as allowing a small excess or deficiency in proportion to the whole quantity.

ID.—ID.—CONFISCATION OF SECURITY.—When in a contract for furnishing some article for a year it is stated that the approximate monthly consumption is of a fixed quantity and during the first four months there is delivered 8 per cent more than the whole quantity for the year, calculated on the approximate monthly consumption, it is held that this is a fulfilment of the contract on the part of the bidder; that he is under no obligation to continue furnishing the article for the rest of the year; and that it was unlawful to confiscate the security given to guarantee the fulfilment of the contract.

The facts are stated in the opinion.

Mr. Jacinto Texidor for the appellant.

The appellee did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

On June 2, 1914, the Municipality of San Juan called for bids for furnishing during the year 1914-15 certain articles for the draft animals used in street cleaning, announcing that the approximate monthly consumption of hay was 3,880 kilograms. The contract for furnishing the hay was awarded to John M. Turner at a stated price per 46 kilograms and he made a deposit of one hundred dollars in favor of the municipality to guarantee the fulfilment of his obligation. From July 1 to October 22, 1914, the said contractor filled the orders given him for hay to the amount of 50,408½ kilograms and then notified the mayor by letter that he had already furnished a larger quantity than that agreed upon and refused to deliver more. Thereupon the municipal council, acting upon the advice of its attorney that as the contractor refused to furnish the said article at the price stipulated in the contract the deposit should be confiscated and the contract rescinded in order to call for new bids for a supply during the remainder of the year, decided to rescind the contract and confiscate the deposit made by the said Turner.

Then John M. Turner brought this action to recover from the municipality the one hundred dollars deposited and two thousand dollars as damages alleged to have been suffered by him, the complaint setting up that he had been caused

grave injury to his business reputation by the statement in a public document that he had refused to carry out his contract. Judgment having been rendered dismissing the complaint, he took the present appeal.

We understand that the plaintiff complied with his contract. If the contract had stated only that he should furnish to the municipality whatever quantity of hay its animals might consume during the fiscal year 1914–15, he would then be obliged to furnish any amount, whether small or great, that the said animals might consume during the entire year; but it was stated in the contract that the approximate monthly consumption of hay was 3,880 kilograms, and in accordance with that stipulation of the contract the obligation of the contractor was to furnish that quantity multiplied by twelve, the numbers of months in the year, or 46,560 kilograms, and inasmuch as the monthly calculation was approximate, a reasonable percentage more or less. During the first four months the contractor delivered not only the 46,560 kilograms estimated to be the supply for the year, but also a quantity in excess amounting to 3,848½ kilograms, equal to a little more than 8 per cent of the approximate quantity. If the orders had continued in the same proportion as made during the first four months, he would have had to furnish 150,209 kilograms during the whole year, or something more than three times the estimated amount.

The words "approximate monthly consumption," which were employed in the contract, are equivalent to the words "a little more or less," which words are frequently used in contracts, and it has been held in such cases that they should be interpreted generally so as to allow a small excess or deficiency in proportion to the quantity agreed on in the contract, and that 5 per cent more or less is a reasonable limit of deficiency. 2 Words and Phrases Judicially Defined, 4583. The plaintiff having delivered during the first four months more than 8 per cent in excess of the stipulated quantity, we are of the opinion that he fulfilled his contract and was not

bound to continue to furnish hay, because this would have made the percentage of excess unreasonable, or in the neighborhood of 200 per cent. If the municipality made a mistake in its estimate of the monthly consumption of hay by its animals, it cannot compel the contractor who was to furnish the same to suffer the consequences of its error, and the confiscation of the deposit was improper.

As to the damages claimed, there is no evidence in the record to show that he suffered any pecuniary loss.

The judgment appealed from should be reversed and another rendered ordering the Municipality of San Juan to return to the plaintiff the one hundred dollars deposited, without special imposition of costs.

*Reversed and substituted.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.